IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01560-PAB

ERROL KEITH STEVENS,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT

    Defendant.

---

**ORDER**

---

The Court takes up this matter *sua sponte* on defendant's Notice of Removal [Docket No. 1]. Defendant states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331. Docket No. 1 at 2, ¶ 4.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009); *see, e.g.*, *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 33 (3d Cir. 2018) (finding, after "years of litigation" and entry of judgment, that the record was insufficient to establish federal jurisdiction).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has jurisdiction under 28 U.S.C. § 1331. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, the federal question must be apparent on the face of a well-pleaded complaint . . . ." *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001). A plaintiff "is the master of the claim and may prevent removal to federal court by choosing not to plead a federal claim even if one is available." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (internal quotation marks and brackets omitted). "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law,

thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) (emphasis omitted).

According to defendant, plaintiff's complaint asserts two claims arising under federal law: a claim for age discrimination under the Age Discrimination and Employment Act ("ADEA"), and "possible U.S. Constitutional equal protection type claims." Docket No. 1 at 1-2, ¶¶ 2, 5. In support of the existence of an ADEA claim, defendant points to plaintiff's allegation that defendant "discussed with the Plaintiff, apparently due to the Plaintiff's advanced age of seventy-one (71), the option of retirement, rehire as an adjunct employee, and later employment with RTD in a part-time position based upon a proposed, new part-time policy designed to be attractive to older employees." Docket No. 2 at 1, second ¶ 1; *see also* Docket No. 1 at 2, ¶ 6. Regarding plaintiff's "possible" constitutional claim, defendant notes plaintiff's allegation that he was deprived "of equitable treatment under existing personnel rules and denied . . . his constitutional right to equal treatment." Docket No. 2 at 1, ¶ 1; Docket No. 1 at 2, ¶ 7.

The Court finds that these allegations do not establish federal jurisdiction. At no point does plaintiff refer to the ADEA or the U.S. Constitution, or give any other indication that his claims arise under federal law. *See Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (unpublished) (finding that allegations asserting "violation of [plaintiff's] civil and constitutional rights" were "too ambiguous to establish federal question jurisdiction"); *Smith v. City of Wichita, Kan.*, 2017 WL 3437664, at *2 (D. Kan. Aug. 10, 2017) (finding removal proper where "Plaintiff's petition refer[red] to violations of the United States Constitution – as opposed to 'constitution' or 'Kansas

3

constitution'"); *Sanchez v. City of Belen*, 2017 WL 3588650, at *1-3 (D.N.M. Mar. 8, 2017) (finding that plaintiff had not asserted federal cause of action where certain allegations referenced U.S. Constitution, but claims were "framed in the context of state tort law"); *Shockley v. City of Waurika*, 2010 WL 3081528, at *3 (W.D. Okla. Aug. 6, 2010) (remanding case to state court where plaintiffs alleged that officer's conduct violated "the constitution and state law" but did not "expressly cite a federal constitutional provision"). Moreover, the allegations identified in defendant's notice of removal are the only allegations that could even remotely be construed as stating a federal cause of action. Plaintiff's remaining allegations suggest only that defendant violated various personnel policies and breached its duties of care and good faith, which do not invoke federal causes of action. *See, e.g.*, Docket No. 2 at 1, 4, second ¶ 1 (stating that defendant's communications "were not 'made in good faith'" as required by employee handbook), ¶ 6 (asserting that defendant's "unequal treatment of similarly situated employees was a breach of an employer's duty of care, of 'good faith' communications and of 'merit' based employment decisions").

Because there is no federal question on the face of plaintiff's complaint, *see Rice*, 260 F.3d at 1245, defendant has failed to establish a basis for removal. Accordingly, it is

**ORDERED** that this matter is remanded to the District Court for the City and County of Denver, Colorado, where the case was filed as case number 2018CV281. It is further

**ORDERED** that this case is closed.

4

DATED June 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge